UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN DAWSON, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1814 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendant's, Bank of America, N.A. ("BOA"), motion to dismiss the plaintiff's, Carolyn Dawson, suit against it pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) [Doc. No. 5]. The plaintiff did not respond to BOA's motion to dismiss but, instead, has filed an amended original complaint pursuant to FRCP 15(a)(1) [Doc. No. 8]. Since, BOA filed a second motion to dismiss the plaintiff's case based on her amended pleading [Doc. No. 10]. Having reviewed the motion, pleadings and documents on file, the Court determines that the BOA's motion to dismiss should be granted.

**II.**

In August 1999, the plaintiff, Alvin Dawson and Charley T. Hunter[1], entered into a Fixed Rate Balloon Note with Sterling Capitol Mortgage Company in the amount of $200,000. The Note was secured by a property located in Missouri City, Fort Bend County, Texas and a Deed of Trust in favor of Sterling. The borrowers became delinquent in their loan payments and, as a result sought a modification of the loan to avoid foreclosure. During the course of the relationship, BOA serviced the Note. On or about November 3, 2011, BOA, the plaintiff and

---

[1] Charley Hunter executed a Quitclaim Deed to the Dawsons on or about July 16, 2011.

Hunter executed a loan modification agreement requiring the borrowers to make monthly payments at a reduced rate based on a lower interest rate and amortization of the balance over 40 years based on a principal balance of $159,185.56.  After 25 years, however, the principal balance of the loan would be due.

Although no foreclosure proceedings had been initiated by BOA, the plaintiff commenced this suit against BOA on March 20, 2014.  In her suit, the plaintiff asserts claims for breach of contract, deceptive practices, deception, fraud and predatory lending in violation of state laws.

### III.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."  *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964.  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### IV.

In her suit, the plaintiff asserts that BOA has failed to report her credit history to the credit bureaus for the period 2002 through 2010. She contends that this failing, in some respect, impacted her credit score. She also asserts that BOA led her to believe that she "had a MHA, HAMP Tier I" loan modification. However, according to the plaintiff, BOA will not admit or deny that she has a HAMP Tier I loan modification. Reading between the pleading lines, the

Court surmises that the plaintiff's current credit status prevents her from qualifying for a "second" loan modification, and this circumstance has caused her to lose her job and suffer severe depression.

## V.

The plaintiff's pleadings are woefully inadequate, and confusing and fail to state a cause of action against BOA. The Court reaches this conclusion based on the following undisputed facts derived from BOA's motion and the plaintiff's pleadings and exhibits[2]:

a) the plaintiff has not pointed to any provision in the approved loan modification agreement that BOA has breached. As well, the plaintiff has not set forth any damages that arise from an alleged breach of her current loan modification agreement. It appears that her claim is about a "new" application. Since, there is no factual allegation that BOA has breached any term of the loan modification agreement, the pleadings fail to support a presumption that a breach has occurred. *See Mullins v. TestAmerica, Inc.,* 574 F.3d 386 (5th Cir. 2009);

b) the plaintiff is not a consumer, as a matter of law. *See* Tex. Bus & Comm. Code. Ann. § 17.45(4)(2012). There is no allegation by the plaintiff that she purchased a "good or service" from BOA. Therefore, this claim fails;

c) the plaintiff's pleadings do not assert facts establishing a cognizable claim for fraud. While the plaintiff complains about being misled in her loan application process, she does not state how she was misled, who misled her, when she was misled and how that misleading was fraudulent. It appears that the plaintiff's suit seeks redress concerning a new loan application that has not been approved. Rule 9(b) requires that a pleading adequately explain the nature of the alleged fraud. This means presenting facts that support the claim;

d) the plaintiff's claim against BOA for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* fail because the defendant is not a consumer reporting agency. The FCRA applies to companies that keep and record consumer information that is supplied by entities such as the defendant. Therefore, BOA is not a consumer reporting agency;

---

[2] When the evidence shows that summary judgment is appropriate, particularly when substantial documentation is attached to the pleadings, summary judgment may be entered. *See* Fed. R. Civ. P. Rule 56(c); *see also Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993) "[E]valuated much the same as a 12(b)(6) motion to dismiss," summary judgment is appropriate "if accepting all alleged facts as true, the plaintiffs' complaint nonetheless failed to state a claim," *Gilbert v. Outback Steakhouse of Fla., Inc.,* No. 07-4092, 2008 WL 4538259, *2 (5th Cir. Oct. 10, 2008); *see also United States ex rel. Simmons v. Zibilich,* 542 F.2d 259, 260 n. 3 (5th Cir. 1976).

e)  finally, there are no facts pled supporting the plaintiff's claim that BOA has violated the Texas Property Code, Chapters 12 and 13.  The plaintiff's pleadings fail to state how BOA has violated the statute and, specifically, what provisions of the statute are in play.  Hence, the plaintiff's pleadings do not satisfy the "plain language" requirements of FRCP, 8(a)(2).

Based on the foregoing undisputed facts and, further, the lack of adequate pleadings to contradict BOA's motion to dismiss, the Court concludes that BOA's motion to dismiss should be granted.  The Court reaches this conclusion because the plaintiff's pleadings do not contain sufficient and specific facts that if accepted as true constitute a claim for relief that is plausible.  *Iqbal*, 556 U.S. at 555.  Therefore, the Court holds that the plaintiff's pleadings fail to state a claim upon which relief may be granted.  *See* FRCP, 12(b)(6).

It is, therefore, ORDERED that BOA's motion to dismiss be, and it is hereby, Granted.

SIGNED on this 25th day of August, 2014.

_____
Kenneth M. Hoyt
United States District Judge